UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY BURKETTE

VERSUS

EAST FELICIANA PARISH SHERIFF, JEFFERY
TRAVIS IN HIS OFFICIAL CAPACITY AS SHERIFF,
AND INDIVIDUALLY; CHIEF DEPUTY GREG PHARES
IN HIS OFFICIAL CAPACITY, AND INDIVIDUALLY;
R. KYLE ARDOIN IN HIS OFFICIAL CAPACITY, AND
INDIVIDUALLY; WILLIAM "BILL" COX IN HIS OFFICIAL
CAPACITY, AND INDIVIDUALLY

CIVIL ACTION

NO. 18-996-JWD-EWD

## RULING AND ORDER

Before the Court are the following motions: 1) a Motion to Stay Discovery, filed by Defendants Jeffrey Travis and Greg Phares (collectively, the "Sheriff Defendants");[1] 2) a Motion to Stay Discovery, filed by Defendants Kyle Ardoin and Jeff Landy (collectively, the "State Defendants");[2] 3) a Motion to Stay Discovery, filed by Defendant William Cox ("Cox");[3] and 4) a Motion to Quash Subpoena Duces Tecum, filed by the Sheriff Defendants.[4] Plaintiff Billy Burkette ("Burkette") has filed opposition memoranda to the Motions to Stay Discovery filed by the Sheriff Defendants and by Cox.[5] The other motions are unopposed and the time for filing an opposition memorandum under the Local Civil Rules has expired.[6] As the Sheriff Defendants, the State Defendants and Cox have filed motions to dismiss Burkette's claims that assert the defense of qualified immunity, the Motions to Stay Discovery will be granted and all discovery in this

---

[1] R. Doc. 75.
[2] R Doc. 91.
[3] R. Doc. 95
[4] R.Doc. 113.
[5] R. Docs. 86, 115.
[6] Pursuant to Local Civil Rule 7(f), when opposing a motion, the response is due twenty-one days after service of the motion. The State Defendants' Motion to Stay Discovery (R. Doc. 91) and the Motion to Quash Subpoena Duces Tecum (R. Doc. 113) were served through the Court's CM/ECF system when filed more than twenty-one days ago.

1

matter will be stayed. For the same reasons, the Motion to Quash Subpoena Duces Tecum, filed by the Sheriff Defendants, will also be granted, including the request for expenses associated with drafting the Motion to Quash.

### I.   BACKGROUND

Burkette asserts that he has been targeted, wrongfully prosecuted, arrested and held under false charges made by the Defendants to impede his running for the 5th Congressional District for the U.S. Congress and that he has been unable to campaign in East Feliciana Parish by the acts and collusion of Defendants.[7] He asserts claims under 42 U.S.C. § 1983.[8] Travis is Sheriff of East Feliciana Parish. Phares is Chief Deputy of East Feliciana Parish. Ardoin is the Louisiana Secretary of State. Landry is the Louisiana Attorney General. Cox is an investigator with the Louisiana State Police.[9]

Each Defendant has filed a Motion to Dismiss Burkette's claims. Among other arguments, each Defendant has asserted the defense of qualified immunity.[10] Each Defendant has also sought to stay discovery in this matter pending resolution of the qualified immunity defense.

### II.   LAW AND ANALYSIS

#### A. Discovery in This Suit is Stayed Pending Resolution of Each Defendants' Assertion of the Qualified Immunity Defense

"[Q]ualified immunity constitutes an 'immunity from suit' rather than a mere defense to liability."[11] The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from

---

[7] R. Doc. 1, ¶ 4.
[8] R. Doc. 1, ¶ 2.
[9] R. Doc. 1, p. 2.
[10] R. Doc. 74-1, pp. 15-29 (qualified immunity defense asserted as to Defendants Phares and Travis); R. Doc. 88-1, pp. 6-12 (qualified immunity defense asserted as to Defendant Ardoin); R. Doc. 89-1, pp. 5-10 (qualified immunity asserted as to Defendant Landry); R. Doc. 94-1 (qualified immunity defense asserted as to Defendant Cox).
[11] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*) (*per curiam*).

pretrial discovery, which is costly, time-consuming, and intrusive."[12] The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad."[13] Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad."[14] As such, although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[15] "If the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[16]

---

[12] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).
[13] *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).
[14] *Wilson v. Sharp*, No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017), citing *Lion Boulos*, 834 F.2d at 507-508.
[15] *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995). *See also*, *Baker v. Ephion*, No. 15-838, 2017 WL 3996415, at *2 (M.D. La. Sept. 11, 2017) (staying discovery in light of defendant's asserted qualified immunity defense and explaining that "discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (citing *Wicks*); *Lee v. Ard*, No. 17-23, 2017 WL 5349493, at * 7 (M.D. La. Nov. 13, 2017) ("When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.' The plaintiff must support his claim with 'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.' When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. 'The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'") (internal citations and quotations omitted).
[16] *Wicks*, 41 F.3d at 995. *See also*, *Backe*, 691 F.3d at 648 ("a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'") (citing *Lion Boulos*, 834 F.2d at 507-508); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity."); *Randle v. Lockwood*, 666 Fed. Appx. 333, 336, n. 6 (5th Cir. 2016) (noting that the "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible"

3

Accordingly, the Fifth Circuit has "established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."[17] "First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[18] "When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if the court remains unable to rule on the immunity defense without further clarification of the facts."[19]

While Burkette did not oppose each Defendants' request to stay discovery, Burkette's most fulsome opposition to the Sheriff Defendants' Motion to Stay focuses on the merits of the case and argues that Burkette has sufficiently pleaded his claims to overcome the qualified immunity defense at this stage.[20] That will be up to the Court to decide on the Motions to Dismiss. Based on the careful procedure established by the Fifth Circuit, discovery will be stayed pending resolution of the qualified immunity defense as to each Defendant.

### B. The Motion to Quash Subpoena Will Also Be Granted

The Sheriff Defendants have also filed a Motion to Quash Subpoena Duces Tecum that seeks to quash a subpoena issued to Ligon Law Office, LLC, and attorney

---

is only applicable where the district court first determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" and second finds that despite plaintiff's pleadings it is still unable to rule on the immunity defense without further clarification of the facts.).
[17] *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).
[18] *Id*.
[19] *Id*.
[20] R. Doc. 86.

4

Robert Ligon.[21]  According to the Motion to Quash, Ligon is counsel for Defendant Travis, and the subpoena asks for information concerning the investigation of Burkette.  The Sheriff Defendants argue that the subpoena should be quashed because it was not issued in accordance with Fed. R. Civ. Proc. 45(a)(4), which requires that a copy of the subpoena be served on each party to the suit before it is served on the subpoena recipient, and for the same reasons that the request to stay discovery should be granted.  Even if the Motion to Quash had been timely opposed by Burkette, it is appropriately granted.  First, the Sheriff Defendants are correct that the failure to comply with the requirements of Fed. R. Civ. Proc. 45(a)(4) is a basis to quash a subpoena.[22]  More importantly, however, quashing the subpoena is proper for the same reasons discovery will be stayed—to allow otherwise would essentially permit Burkette to circumvent the procedure established by the Fifth Circuit to address qualified immunity.[23]  Further, the Supreme Court has explained that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[24]  "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants.  It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from

---

[21] R. Doc. 113.
[22] *Hall v. Louisiana*, No. 12-657, 2014 WL 1652791 at *12 (M.D. La. April 23, 2014), citing *Williams v. Weems Community Mental Health Center*, No. 04-179, 2006 WL 905955, at *2 (S.D. Miss. April 7, 2016) (additional citations omitted) ("A party's failure to serve a copy of a subpoena on his opponent, as required by [Rule 45(a)(4)], has been held to substantiate a decision to quash the subpoena.").
[23] One of the additional arguments asserted by the Sheriff Defendants in support of the Motion to Quash is that the documents sought by the subpoena are more properly sought from Defendant Travis via the discovery mechanisms available as to parties.  In other words, the subpoena cannot be used to circumvent the procedures related to party litigants since the documents sought are client documents that are technically in the custody, possession, and control of Defendant Travis.  R. Doc. 113-1, pp. 3-4.
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), quoting *Siegert v. Gilley*, 500 U.S. 226, 236, (1991) (Kennedy, J., concurring in judgment)).

5

the burdens of discovery."[25] Certainly discovery sought from Sheriff Travis's counsel in a case where all Defendants are governmental officials who have asserted the qualified immunity defense is the type of discovery that is to be avoided until the Court determines whether Burkette has alleged sufficient facts in his Complaint to overcome the defense.

Finally, the Sheriff Defendants request for fees associated with drafting the Motion to Quash will be granted. Fed. R. Civ. Proc. 45(d)(1) requires the attorney issuing the subpoena to take "reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena."[26] Here, the Sheriff Defendants submitted evidence that their counsel communicated verbally and in writing with Burkette's counsel before the time to respond to the subpoena to advise that the subpoena was improper and to request that it be withdrawn.[27] The correspondence from counsel for the Sheriff Defendants also advises that, if the subpoena was not withdrawn, the Motion to Quash would be filed and costs associated with preparing the Motion to Quash would be sought. Not only did Burkette not withdraw the subpoena, but he did not timely oppose the Motion to Quash. Thus, in addition to wasting the Sheriff Defendants' time and money in forcing

---

[25] *Id*. at 685-686. *See also*, *Wilson*, 2017 WL 4685002, at * 2 (staying discovery against all defendants because "staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues.") (internal citation omitted).

[26] It should be noted that, although generally only the party to whom the subpoena is directed can move to quash it, a party alleging some personal privacy right or privilege in the documents sought has standing to challenge a subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Jez v. Dow Chemical Co.*, Inc., 402 F.Supp.2d 783 (S.D. Tex. 2005); Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459. A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party. *See, e.g., Old Towne Dev. Grp., L.L.C. v. Matthews*, No. 09-224, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding that a party had standing to challenge a subpoena issued to a bank because he claimed a legitimate privacy interest in the requested bank records). Here, as the Sheriff Defendants seek to quash a subpoena that seeks documents from the sheriff's attorney, they have alleged a sufficient interest to warrant the relief requested such that the provisions of Rule 45(d)(1) also apply.

[27] R. Doc. 113-3.

6

them to draft a motion he apparently does not substantively challenge, Burkette also wasted judicial resources.

### III.   CONCLUSION

As the Court has not yet made the determination that Plaintiff Billy Burkette's allegations are sufficient to overcome the defense of qualified immunity asserted by each Defendant, **IT IS ORDERED** that the Motions to Stay Discovery[28] are **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery in this matter is **STAYED** pending resolution of the qualified immunity defense as to each Defendant.

**IT IS FURTHER ORDERED** that the Motion to Quash Subpoena Duces Tecum,[29] including the request for attorney's fees, filed by Defendants Jeffrey Travis and Greg Phares, is **GRANTED**.  The subpoena duces tecum propounded by Plaintiff Billy Burkette to Ligon Law Office, LLC and Robert Ligon is **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff Billy Burkette shall pay to Defendants Jeffrey Travis and Greg Phares the reasonable attorney's fees associated with drafting the Motion to Quash Subpoena Duces Tecum.[30]  Counsel for the Sheriff Defendants and for Burkette shall confer in an effort to resolve the issue of fees.  If they are unable to do so, any motion to set the reasonable amount of attorney's fees to be awarded pursuant to this Ruling and Order shall be filed by no later than **July 8, 2022**.

Signed in Baton Rouge, Louisiana, on June 10, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] R. Docs. 75, 91, and 95.
[29] R. Doc. 113.
[30] R. Doc. 113.