UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BILLY BURKETTE**                                              CIVIL ACTION

**VERSUS**

**EAST FELICIANA PARISH SHERIFF, ET AL.**            NO. 18-996-JWD-EWD

**RULING AND ORDER**

Before the Court are two motions, filed by Plaintiff Billy Burkette: a Motion for Reconsideration of the Order Granting Motion to Quash Subpoena,[1] and a Motion for Leave to File an Opposition to the Motion to Quash.[2] Both motions are opposed by Defendants Jeffrey Travis and Greg Phares (collectively, the "Sheriff Defendants").[3] Also pending before the Court is the Sheriff Defendants' Motion to Set Reasonable Attorneys' Fees, which is opposed by Plaintiff.[4] Plaintiff's motions will be denied. Because the subpoena was appropriately quashed, there is no basis for reconsideration, and no need for an opposition memorandum. The Sheriff Defendants' Motion for Fees will be granted, awarding them $2,464 in attorneys' fees, payable by Plaintiff's counsel.

**I.  BACKGROUND**

Burkette asserts that he has been targeted, wrongfully prosecuted, arrested and held under false charges made by the Defendants to impede his running for the 5th Congressional District for the U.S. Congress and that he has been unable to campaign in East Feliciana Parish by the acts and collusion of Defendants.[5] He asserts claims under 42 U.S.C. § 1983.[6] Travis is Sheriff of East

---

[1] R. Doc. 127.
[2] R. Doc. 133 and *see* Plaintiff's Reply Memorandum in Support of Motion for Reconsideration (R. Doc. 131).
[3] R. Docs. 128, 138, and *see* Sheriff Defendants' Reply Memorandum in Support of Motion to Set Attorneys' Fees (R. Doc. 143).
[4] R. Docs. 132, 134.
[5] R. Doc. 1, ¶ 4.
[6] R. Doc. 1, ¶ 2.

1

Feliciana Parish. Phares is Chief Deputy of East Feliciana Parish. Ardoin is the Louisiana Secretary of State. Landry is the Louisiana Attorney General. Cox is an investigator with the Louisiana State Police.[7]

On June 10, 2022 this Court issued a Ruling and Order ("Ruling") granting three Motions to Stay Discovery[8] in light of Defendants' pending Motions to Dismiss, all of which assert the defense of qualified immunity.[9] Relatedly, the Court also granted the Sheriff Defendants' Motion to Quash the subpoena Plaintiff issued to Ligon Law Office, LLC, and attorney Robert Ligon (collectively, "Ligon")[10] while one or more of the Motions to Stay were pending, and granted the Sheriff Defendants' request for their reasonable attorney's fees incurred in preparation of the Motion to Quash.[11] While the Ruling notes that Plaintiff failed to timely file an opposition to the Motion to Quash, the Ruling goes on to explain that, "[e]ven if the Motion to Quash had been timely opposed by Burkette, it is appropriately granted" because Plaintiff did not comply with the requirements of Federal Rule of Civil Procedure 45(a)(4) before issuing the subpoena and because allowing the subpoena to Travis' counsel would permit circumvent of the stay of discovery as to Travis while his qualified immunity defense is pending.[12] Plaintiff now seeks reconsideration of the Ruling granting the Motion to Quash, including the award of attorney's fees, and leave to file an opposition memorandum.[13] The Sheriff Defendants seek a fee award of $2,464.

---

[7] R. Doc. 1, p. 2.
[8] *See* t R. Doc. 126, granting R. Docs. 75, 91, and 95.
[9] R. Docs. 88, 89, 94, which are currently pending.
[10] Ligon is counsel for Defendant Travis, and the subpoena requested information concerning the investigation of Burkette.
[11] R. Doc. 126, granting R. Doc. 113.
[12] R. Doc. 126, pp. 5-6.
[13] Plaintiff does not challenge the Ruling's stay of discovery.

## II. LAW AND ANALYSIS

### A. Plaintiff Has Failed to Establish Sufficient Grounds for Reconsideration of the Ruling

Although it has been noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e)...."[14] Where, as here, the motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is the Rule 54(b) grant of discretion to the district courts.[15] Rule 54(b) provides, in pertinent part:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*[16]

The plain meaning of the rule is that a court retains jurisdiction over all the claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole.[17] "District courts have considerable discretion in deciding whether to

---

[14] *Carroll v. SGS Auto. Servs., Inc.,* No. CV 16-537, 2021 WL 2550278, at *2 (M.D. La. June 22, 2021), citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (*abrogated on other grounds*) and *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, *2 (E.D. La. Mar. 5, 2012).

[15] The Ruling was concerned only with discovery matters, *i.e.*, the entering of a stay of discovery and the granting of a motion to quash. No liability issues were decided at that time, and the Court did not direct entry of a final judgment. Consequently, and contrary to the Sheriff Defendants' argument, Rule 59(e) does not apply (although the Rule 59(e) factors overlap with the Rule 54(b) factors). R. Doc. 128, pp. 2-3. *See Carroll,* 2021 WL 2550278 at *2, citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)"), and *see Austin*, 864 F.3d at 336 ("Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action,' FED. R. CIV. P. 54(b)."

[16] Fed. R. Civ. P. 54(b)(emphasis supplied).

[17] *Carroll,* 2021 WL 2550278, at *2, citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

reconsider an interlocutory order"[18] under Rule 54(b), and the Fifth Circuit has held that "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient [under Rule 54(b)], even in the absence of new evidence or an intervening change in or clarification of the substantive law."[19] This Court has held that the "broad discretion [under Rule 54(b)] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[20]

Although Plaintiff does not expressly argue that the Ruling contains clear error, Plaintiff's Reply suggests that reconsideration is sought to prevent manifest injustice to Plaintiff.[21] Plaintiff's counsel argues that she inadvertently failed to calendar the deadline to file an opposition to the Motion to Quash, and that she failed to timely oppose because she is a solo practitioner, this is a complex case, and she was overwhelmed with the volume of filings requiring responses. Plaintiff's counsel also notes that she filed responsive pleadings timely on behalf of Plaintiff at about the same time in response to other pending motions. Counsel readily admits her oversight, but contends that Plaintiff should not be penalized for it and should be permitted to file his opposition.[22] The Sheriff Defendants point out that the instant scenario is not unique, as Plaintiff failed to timely file an opposition to a motion to dismiss (which the Court later permitted).[23] Plaintiff replies that Plaintiff should have his day in Court, and argues that counsel's failure to

---

[18] *Carroll*, 2021 WL 2550278, at *2, citing *Keys v. Dean Morris, LLP*, No. CIV.A. 12-49-JJB, 2013 WL 2387768, *1 (M.D. La. May 30, 2013).
[19] *Austin,* 864 F.3d at 336, citing *Lavespere*, 910 F.2d at 185.
[20] *Carroll*, 2021 WL 2550278, at *2, citing *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013).
[21] R. Doc. 131, pp. 3-4.
[22] R. Doc. 127-1, pp. 3-4.  In the Motion, Plaintiff's counsel states that she will be filing a motion to withdraw as counsel because she does not have the time or expertise to handle this matter, but in the Memorandum, Plaintiff's counsel seeks to be allowed to withdraw. R. Doc. 127, ¶ 12 and R. Doc. 127-1, p. 4.  Plaintiff's counsel's request to withdraw in the Memorandum is not properly asserted.  Plaintiff's counsel may seek leave to withdraw by filing an appropriate motion that complies with the applicable Local Civil Rules of this Court.
[23] R. Docs. 111, 125.

4

timely respond constitutes Rule 6/Rule 60 excusable neglect. The Reply also briefly argues that fees are not warranted because of the oversight of counsel.[24]

Denial of reconsideration does not result in manifest injustice to Plaintiff. Plaintiff's counsel's focus on her inadvertent failure to timely file an opposition memorandum misses the point. Even if Plaintiff had timely filed the opposition memorandum, the subpoena was subject to quashing because Plaintiff did not comply with Rule 45(a)(4),[25] and because the subpoena would have circumvented the stay as to Travis, which was ordered to address Travis' qualified immunity defense.[26] The award of fees stands, as courts "must" enforce the Rule 45(d)(1) duty to avoid imposing an undue burden, and Plaintiff was given an opportunity to withdraw the subpoena after being placed on notice that it was improper and that fees would be sought, but Plaintiff did not voluntarily withdraw the subpoena.[27] The award is not unjust considering that Plaintiff's counsel recalls that, in response to valid objections from defense counsel, she told defense counsel she would not enforce the subpoena.[28] This suggests Plaintiff's counsel's awareness that the subpoena

---

[24] R. Doc. 131, pp. 5-6.
[25] Plaintiff's argument that she complied with Rule 45 when she filed the subpoena return of service in the record before the subpoena return date lacks merit. R. Doc. 133-1, p. 2. Notice to the parties must be provided before service of the subpoena and Plaintiff has provided no evidence that notice was given to all parties *prior* to serving Ligon, so Plaintiff has not refuted that she failed to comply with the requirements of Fed. R. Civ. Proc. 45(a)(4), which remains a valid basis to quash the subpoena. In fact, Plaintiff acknowledges in the proposed opposition that notice was given after issuance: "Defendants were notices [sic] albeit after the issuance by a few days." R. Doc. 133-1, p. 4.
[26] R. Doc. 126, p. 5 and *see* the Opposition at R. Doc. 128, pp. 3-4.
[27] The Ruling noted that the Sheriff Defendants asserted an additional argument in support of quashing the subpoena, which was that Plaintiff's attempt to obtain information from Travis, a party to this case, via subpoena to Travis's attorney was improper and instead is appropriately sought via a discovery method directed to a party. R. Doc. 126, p. 5, n. 23.
[28] R. Doc. 134-4, p. 2 (email between counsel regarding their conversation on the date defense counsel learned of the service of the subpoena, with Plaintiff's counsel asserting: "…as I recall, I would have asserted that I would not take any action of the subpoena, and thus, your filing of the Motion to Quash was not necessary"), and *see* the proposed Opposition: "Plaintiff did not take any action to enforce the subpoenas as there was a pending motion to stay discovery…." R. Doc. 133-1. Plaintiff argues that the subpoena merely requested information that Ligon previously produced, but which is not now accessible because the transmittal link expired and/or because it is a public record. R. Doc. 134, p. 1 and *see* R. Doc. 133-2, p. 1. What Ligon produced in approximately October 2018 on behalf of the Sheriff's Office is not clear; however, his responses were in reply to a public records request sent from Plaintiff which predated the filing of this matter. In addition to two affirmative responses, the reply contained an objection, assertions of exemptions from production, and statements that the information sought did not exist. R. Doc. 134-1, pp. 4-6. Thus, Ligon did not produce everything requested in the public records request; however, Plaintiff's subpoena re-

was improper, yet counsel still failed to withdraw it. While the Court "is free to reconsider and reverse its decision for any reason it deems sufficient [under Rule 54(b)], even in the absence of new evidence or an intervening change in or clarification of the substantive law," Plaintiff has not given any reasons that would support reconsideration. In fact, there is an overwhelming reason to deny reconsideration and Plaintiff's request to file an opposition memorandum out-of-time--the subpoena was appropriately quashed and would have been quashed regardless.[29] Therefore, Plaintiff's Motion for Reconsideration to the Ruling and Order granting the Sheriff Defendants' Motion to Quash Subpoena will be denied. Correspondingly, Plaintiff's Motion for Leave to File an untimely opposition memorandum to the Motion to Quash will also be denied.

### B. The Sheriff Defendants' Will Be Awarded Attorney's Fees of $2,464

Before filing the Motion to Quash, counsel for the Sheriff Defendants notified Plaintiff that the subpoena was improper and requested withdrawal. The Sheriff Defendants advised Plaintiff that they would seek fees if Plaintiff did not withdraw the subpoena.[30] Because Plaintiff did not withdraw the subpoena, the Sheriff Defendants filed their Motion to Quash. The subpoena was quashed and the Sheriff Defendants' request for fees was granted pursuant to Fed. R. Civ. P. 45(d)(1). As ordered in the Ruling, the Sheriff Defendants first attempted to reach an agreement

---

asserts the same objected-to requests, as well as "any information … **withheld from July 20, 2018.**" (R. Doc. 134-1, p. 1). It is, therefore, misleading for Plaintiff to suggest that he was merely seeking all the same information that was previously produced and/or was public record.

[29] *Austin,* 864 F.3d at 336. Plaintiff's proposed opposition memorandum contains no viable arguments that the Ruling was improper or that the Motion to Quash should not have been granted in the first place. The Ruling found that the Motion to Quash was properly asserted by the Sheriff Defendants, despite that it was served on non-parties, because of their interest in the relief, *i.e.*, precluding production of documents subpoenaed from Travis' attorney. R. Doc. 126, p. 6, n. 26. Plaintiff's proposed opposition memorandum does not address the finding in the Ruling and Plaintiff's reliance on *Richardson v. Axion Logistics, LLC*, No. 2013 WL 5554641 (M.D. La. Oct. 7, 2013) is misplaced. Although *Richardson* does say "Nonetheless, that standing does not go so far as to allow the party to challenge a nonparty subpoena on the grounds that it unduly burdens the non-party," the issue here is not an argument of undue burden. Rather, in *Richardson* this Court specifically held that if a party has a "sufficient personal right or privilege with respect to the materials subpoenaed," that party may seek relief regarding their production. The same is true of the conclusion in the Ruling regarding the Sheriff Defendants' standing here. The subpoena also did not only request records that had previously been produced as suggested in Plaintiff's proposed opposition memorandum. *See* fn 28, *supra*.

[30] *See* R. Doc. 113-1 and the Ruling at R. Doc. 126, pp. 6-7.

with Plaintiff regarding the amount of the fees, which was unsuccessful.[31] The Sheriff Defendants now move for a fee award of $2,072 associated with the preparation of the Motion to Quash, calculated as approximately 14.8 hours at a billing rate of $140 per hour for each billing attorney, partner Catherine St. Pierre and associate Kaitlin Wall. They also seek an award of $392 associated with the preparation of their opposition to Plaintiff's Motion for Reconsideration, calculated as 2.8 hours at $140 per hour.[32] In support, the Sheriff Defendants submitted their attorneys' contemporaneous time records for this matter, which describe the actions taken in the case, as well as an Affidavit of Reasonable Attorney's Fees ("Affidavit") from St. Pierre attesting to her 35 years of practice and Wall's 2 years.[33] The Sheriff Defendants contend that the use of two attorneys was necessary in light of the short time frame in which to prepare the Motion to Quash, which required research and argument on three issues, and the requested fee award is reasonable in light of other fee awards approved by this Court.[34] The Sheriff Defendants further contend that they should be awarded reasonable fees associated with the preparation of the opposition to the Motion for Reconsideration, which caused an additional undue burden on them.[35]

Plaintiff opposes the award of fees on four grounds, *to-wit*: Plaintiff should not be penalized because of counsel's error in failing to timely file an opposition; the Sheriff Defendants have not been subjected to harm or undue burden because the subpoena was served on non-party Ligon, who previously produced the requested documents, and the subpoena was not issued in bad faith;

---

[31] *See, e.g.,* R. Doc. 132-3.
[32] R. Doc. 132-1, p. 2. *See* the Affidavit and redacted time sheets at R. Doc. 132-2, R. Doc. 132-4 and R. Doc. 132-5.
[33] R. Doc. 132-4 and R. Doc. 132-2. The Sheriff Defendants also submitted correspondence between counsel, which explains the actions taken on the Motion to Quash. R. Doc. 132-3, p. 10.
[34] R. Doc. 132-1, pp. 3-4 and R. Doc. 134-4, p. 1. According to the Sheriff Defendants, there was only seven days between counsel's learning of the service of the subpoena (April 13, 2022 per time records at R. Doc. 132-4, p. 2) and the return date for production of the requested documents (April 20, 2022 per subpoena at R. Doc. 133-4, p. 1).
[35] R. Doc. 132-1, p. 5.

the Sheriff Defendants have not incurred any fees associated with the Motion; and the fees sought are overbilled and duplicative.[36]

The first two arguments are mooted due to the denial of reconsideration of the Ruling, and the Ruling addressed the Sheriff Defendants' standing to quash the subpoena.[37] The third argument lacks merit. Plaintiff cites no authority to support the assertion that Plaintiff does not owe fees because fees were ultimately paid by the Sheriff Defendants' insurer, on behalf of the Sheriff Defendants. Rule 45(d)(1) mandates issuance of a sanction by the court on a party or his attorney who fails to take reasonable steps to avoid imposing an undue burden on the person subjected to the subpoena. The rule is silent as to the recipient of the sanction imposed. Only the last argument goes to the reasonableness of the fee, which the Sheriff Defendants correctly note is the operative issue.[38] In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[39] The "lodestar" analysis involves a two-step procedure.[40] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[41] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[42]

---

[36] R. Doc. 134.
[37] The Ruling found that the Motion to Quash was properly asserted by the Sheriff Defendants, despite that it was served on non-parties, because of their interest in the relief, *i.e.*, precluding production of documents subpoenaed from Travis's attorney. R. Doc. 126, p. 6, n. 26. Furthermore, Plaintiff's out of circuit authority on the issue of bad faith is not controlling and is mis-cited, as pointed out by the Sheriff Defendants. R. Doc. 134, p. 4, citing *In re: Modern Plastics Corp.,* 890 F.3d 244, 251 (6th Cir. 2018) and *Mount Hope Church v. Bash Back!,* 705 F.3d 418, 428 (9th Cir. 2012) and *see* R. Doc. 143, pp. 3-4. Neither case held that bad faith was required for an award of Rule 45(d)(1) fees.
[38] R. Doc. 143, p. 2.
[39] *Matter of Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143 (1994).
[40] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*superseded by statute on other grounds*).
[41] *Id.* at 324.
[42] 488 F.2d 714, 717–19 (5th Cir. 1974) (*overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[43] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[44] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[45]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[46] The party seeking the fee bears the burden of proof on this issue.[47]

An award of fees associated with the Motion to Quash and the opposition to reconsideration is warranted. Counsel for the parties discussed withdrawal of the subpoena and the Motion for Reconsideration. Plaintiff did not withdraw the subpoena and persisted in efforts to have the prior Ruling undone, apparently not understanding that the Ruling quashing the subpoena to Ligon was not solely based on the fact that Plaintiff failed to timely file an opposition memorandum.[48] The Ruling notes, and the Sheriff Defendants correctly point out, that the subpoena would have been

---

[43] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436–37.
[44] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Parish School Board,* 919 F.2d 374, 379 (5th Cir. 1990).
[45] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir. 1986).
[46] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002)(*abrogated on other grounds by Burlington N. & Santa Fe Ry. v. White,* 548 U.S. 53, 66 (2006)); *Associated Builders & Contractors,* 919 F.2d at 379; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998); *Kellstrom*, 50 F.3d at 324.
[47] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom,* 50 F.3d at 324.
[48] R. Doc. 132-4, pp. 2-3 and R. Doc. 134-2, pp. 2-4.

quashed even if Plaintiff has filed an opposition, such that Plaintiff's grounds for reconsideration (and failure to withdraw the subpoena initially) were insufficient. As such, another undue burden was placed on the Sheriff Defendants in having to respond to a meritless Motion for Reconsideration, which supports an award of additional fees.

Local Civil Rule 54 provides that "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[49] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[50] The 7 hours claimed by St. Pierre and 7.8 hours claimed by Walls is reasonable and well-documented in the submitted time sheets. The work descriptions also reflect that the hours were reasonably expended on time reviewing the subpoena; discussing it with, and drafting correspondence to, opposing counsel and Ligon; researching issues regarding the subpoena; and drafting the subpoena pleadings, which consisted of a well-written eight-page motion and memorandum that raised three legal arguments in support of quashing, supported with relevant legal authority.[51] Similarly, the 2.8 hours claimed by St. Pierre in opposing reconsideration were spent researching, drafting and revising a five-page opposition that presented legal authority. The hours sought are reasonable in amount and scope.[52]

Next, the Court must consider whether the hourly billing rate of $140 per hour is reasonable given counsels' ability, competence, experience, and skill. An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of

---

[49] Local Rule 54(b).
[50] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[51] R. Doc. 132-4, pp. 1-4 (time sheets) and R. Docs. 113 and 113-1.
[52] R. Doc. 132-5. Although the Sheriff Defendants' opposition to the Motion for Reconsideration improperly relies on Rule 59, the Rule 59 factors overlap with the Rule 54 factors.

reasonably comparable skill, experience and reputation."[53] The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[54] The Sheriff Defendants rely on a 2020 Middle District case approving hourly rates ranging from $300 to $450 per hour.[55] The hourly rate of $140 billed by both attorneys for the Sheriff Defendants in this case is lower than the prevailing rates in the Middle District, in particular as to St. Pierre, who has 35 years of experience. The lodestar amount, therefore, is $2,464, representing 9.8 hours of St. Pierre's time, and 7.8 hours of Wall's time, at a rate of $140 per hour.

After making the lodestar calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[56] The twelve *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[57]

Plaintiff does not explicitly reference *Johnson*, but does argue that, in his view, the amount of time spent on a call between counsel was over-billed, too much time was spent in drafting the Motion to Quash, and the fees of the two attorneys was duplicative to the extent they both spent time

---

[53] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir. 1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).
[54] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).
[55] R. Doc. 132-1, citing *Capitol City Produce Co. v. Sammy's Holdings, L.L.C.,* No. CV 20-00030-BAJ-SDJ, 2020 WL 6938814, at *9 (M.D. La. Nov. 25, 2020). *See also Taylor v. Union Pacific Railroad Company, Inc.,* No. CV 18-1110-SDD-EWD, 2022 WL 3219961, at *2 (M.D. La. Aug. 9, 2022), approving billing rates of $225 and $450 per hour.
[56] 488 F.2d at 717–19.
[57] *Id.*

drafting the motion papers.[58] These arguments are without merit. Defense counsel explained that the time for the call including time researching issues to be discussed,[59] and partners and associates often work contemporaneously to maximize efficiency, especially when there are multiple legal issues to address.[60] Further, the efforts of two attorneys was not unreasonable due to the short time frame in which a motion to quash had to be filed in advance of the subpoena return date only a week after issuance. Consideration of the *Johnson* factors further substantiates that the lodestar calculation yielded a reasonable fee for the results achieved, in particular, the related to the time and labor required, the results obtained, the experience and ability of the attorneys, and the relatively low hourly billing rate. Accordingly, having determined the "lodestar" reasonable hourly rate and hours for the billing attorneys, and after consideration of the *Johnson* factors, an attorneys' fee award in the amount of $2,464 is reasonable.  Finally, this sanction applies only to Plaintiff's counsel, as the decisions to serve an improper subpoena without adequate advance notice, refuse to withdraw it, fail to timely oppose the motion to quash it, and thereafter seek reconsideration of the Ruling quashing it on meritless grounds, all lie with counsel, rather than with the client.[61]

### III.   CONCLUSION

Plaintiff has failed to allege sufficient grounds to support reconsideration of the Court's Ruling quashing the Ligon subpoena, which, notably, would have been quashed even if Plaintiff

---

[58] R. Doc. 134, p. 4.  Plaintiff argues that defense counsel initially stated that the amount of the fees was $1,736, which is lower than the $2,072 currently sought.  *Id.*  It appears that the former amount was quoted to Plaintiff before the timesheets were provided to Plaintiff.  *Compare* R. Doc. 134-2, p. 4 *with* R. Doc. 134-2, p. 1. In any case, the timesheets substantiate the latter figure.
[59] *United Healthcare Services, Inc. v. Next Health, LLC,* No. 3:17-CV-00243-E-BT, 2022 WL 992744, at *2 (N.D. Tex. Apr. 1, 2022) (noting that "…the fact that four attorneys worked on an emergency motion to quash an improper subpoena—on three days' notice—is not surprising or improper. Indeed, where, as here, there is a very short deadline, multiple attorneys working in concert may be more efficient that one lawyer working alone.").
[60] R. Doc. 132-3, p. 1.
[61] *See United Healthcare Servs., Inc.,* 2022 WL 992744, at *4 ("In any civil case, attorneys are generally responsible for conducting discovery, including propounding and responding to specific requests and issuing and serving subpoenas. Certainly, deployment of the full array of discovery tools is generally within province of the attorney, rather than the client.") (citations omitted).  Sanctions are appropriately awarded against counsel when he/she engages in sanctionable conduct.  Counsel can easily avoid sanctions by refraining from engaging in sanctionable conduct.

had timely filed an opposition. The Sheriff Defendants' request for $2,464 in attorneys' fees is reasonable based upon the evidence submitted.

**IT IS ORDERED** that Motion for Reconsideration of the Court's June 10, 2022 Ruling,[62] filed by Plaintiff Billy Burkette, is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File an Opposition to the Motion to Quash,[63] filed by Plaintiff Billy Burkette, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motion for Attorney's Fees,[64] filed by Jeffrey Travis and Greg Phares, is **GRANTED. Counsel** for Plaintiff shall remit $2,464 to Travis and Phares, in care of defense counsel, no later than twenty-one days from the date of this Ruling and Order.

Signed in Baton Rouge, Louisiana, on November 7, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[62] R. Doc. 127.
[63] R. Doc. 133.
[64] R. Doc. 132.