**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BILLY BURKETTE**                                                          **CIVIL ACTION NO.**

**VERSUS**

**EAST FELICIANA PARISH**                                          **18-996-JWD-EWD**
**SHERIFF JEFFREY TRAVIS, ET AL**.

**NOTICE**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on July 10, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BILLY BURKETTE**                                                                  **CIVIL ACTION**

**VERSUS**

                                                                                          **NO. 18-996-JWD-EWD**

**EAST FELICIANA PARISH**
**SHERIFF JEFFREY TRAVIS, ET AL**.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two nearly identical Motions for Declaratory Judgment ("Motion"), filed by Billy Burkette[1] ("Plaintiff"), who is currently representing himself.[2] Because the Motion is procedurally deficient in several ways, it is recommended that the Motion be denied.

**I.     BACKGROUND**

Plaintiff claims to be a member and Chief of Police of the "the Louisiana Band of Choctaw Indians" ("LA Choctaw"), which according to Plaintiff, is a tribe recognized by the State of Louisiana but not by the federal government.[3] Plaintiff alleges that prior to the Louisiana Purchase, the LA Choctaw had treaties with Spain and France; that Article 6 of the Louisiana Purchase "promises" to enter into a treaty with the LA Choctaw and to treat the LA Choctaw favorably until the treaty is ratified; and that the U.S. Government has not fulfilled its obligations to the LA Choctaw under the Louisiana Purchase.[4] Plaintiff further contends that, in 1978, the State of Louisiana "made an official finding recognizing the sovereign Statius [sic]" of the LA Choctaw and sent a request to the President, both Houses of Congress, and the Department of Indian Affairs requesting that the LA Choctaw be granted federal sovereign status, but the request has been

---

[1] Plaintiff refers to himself as "Chief 2 Eagles."
[2] R. Docs. 165, 168, made under penalty of perjury and execute on the same day, and the latter of which bears the handwritten notation "Amended." The only difference between the two Motions is one sentence in R. Doc. 168, at the bottom of page 1: "This will allow the opportunity to enable funding to pay for proper / hire an attorney for representation." As the Motions are identical except for that one sentence, they will be referred to in the singular and references will be to the later-filed Motion.
[3] R. Doc. 13, p. 3-4.
[4] R. Doc. 168.

ignored. Plaintiff argues that the treaties, Article 6 of the Louisiana Purchase, and the 1978 request by the State all establish "that The Louisiana Band of Choctaw are sovereign."

In light of the failure of the President, Congress, and Department of Indian Affairs to address the State's request, the Motion seeks a judgment from this Court declaring the LA Choctaw sovereign. Plaintiff contends this Court "has the inherent power to issue" such a judgment, and also has "the specific authority from Congress to make [a] finding of sovereignty" with respect to the LA Choctaw.[5]

## II. LAW AND ANALYSIS

There are several procedural deficiencies that warrant denial of Plaintiff's Motion for an order from this Court federally recognizing the sovereignty of the LA Choctaw. First, he has not asserted a claim for tribal recognition in his Amended Complaint. The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, allows federal courts to declare the rights and legal relations of any interested party.[6] The procedure for obtaining a declaratory judgment under the DJA is governed by Fed. R. Civ. P. 57, and "[a]s such, 'the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions.'"[7] Since the DJA is only a procedural device that creates no substantive rights, the plaintiff's declaratory relief must be premised on an independent cause of action.[8] As Defendants Jeffrey Travis, Greg Phares, Kyle Ardoin point out, Plaintiff did not assert a cause of action for declaratory relief.[9] Plaintiff's Amended Complaint asserts that he has been targeted, wrongfully prosecuted, arrested and held

---

[5] R. Doc. 168, p. 1.
[6] *Ysleta Del Sur Pueblo v. City of El Paso,* 433 F. Supp. 3d 1020, 1026 (W.D. Tex. 2020), *aff'd*, No. 20-50313, 2021 WL 5504744 (5th Cir. Nov. 23, 2021), citing *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012) and 28 U.S.C. §§ 2201–2202.
[7] *Stephenson v. Caterpillar Inc.,* No. 16-71, 2019 WL 498337, at *2 (E.D. Tex. Feb. 8, 2019) (citations omitted).
[8] *Ysleta Del Sur Pueblo ,* 433 F. Supp. 3d at 1026, citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) *accord, Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011).
[9] R. Doc. 172, p. 2; R. Doc. 173, pp. 2-3.

2

under false charges made by the Defendants to impede his running for the U.S. Congress and that he has been unable to campaign in East Feliciana Parish by the acts and collusion of Defendants.[10] Plaintiff asserts these claims under 42 U.S.C. § 1983.[11]  While the Amended Complaint briefly mentions the State's recognition of the tribe and the LA Choctaw's desire to follow upon the State's 1978 request to the federal government for federal recognition, the causes of action and the relief sought by Plaintiff in the Amended Complaint arise out of Plaintiff's civil rights claims.[12] The Amended Complaint does not seek federal recognition of the LA Choctaw. Plaintiff's request for declaratory judgment is improper because the request does not relate to the claims in his lawsuit.[13]  To the extent that Plaintiff's Motion is an attempt to assert another Complaint raising new claims without seeking leave of Court or paying the applicable filing fee, it is inappropriate. *See, e.g., Schwarze v. Wainwright:*

> By filing a motion that contains an entirely separate set of allegations – as well as purportedly adding a new defendant and attempting to name a class of plaintiffs – Plaintiff has essentially attempted to file an entirely new civil complaint disguised as a motion. Plaintiff would need to seek leave from the Court in order to add more parties or claims, which additionally demonstrates that his motion is an inappropriate procedural mechanism. Fed. R. Civ. P. 15. Should Plaintiff wish to proceed on these claims, he should file a new civil action and pay the required filing fee, as would be expected of any civil litigant.[14]

---

[10] R. Doc. 1, ¶ 4.
[11] R. Doc. 1, ¶ 2.
[12] R. Doc. 13, p. 3.
[13] *Schwarze v. Wainwright,* No. 18-34, 2022 WL 903744, at *6 (S.D. Tex. Feb. 18, 2022), report and recommendation adopted sub nom. *Schwarzer v. Wainwright,* No. 18-34, 2022 WL 902636 (S.D. Tex. Mar. 25, 2022) (denying the *pro se* plaintiff's motion for a preliminary injunction and request for a declaratory judgment on claims not raised in the complaint on behalf of a class who were not plaintiffs). *See Stephenson,* 2019 WL 498337, at *2, (noting guidance from the Ninth Circuit Court of Appeals holding that, "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment. Insofar as plaintiffs seek a motion for declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules" (citing *Matrix Partners VIII, LLP v. Nat. Res. Recovery, Inc.*, No. 08-547, 2009 WL 10677790, at *1 (E.D. Tex. May 22, 2009) (quoting *Kam–Ko Bio–Pharm Trading Co., Ltd–Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009)) (emphasis in original).
[14] 2022 WL 903744, at *7.

Second, as noted in the Court's Ruling denying Plaintiff's motion to appoint an attorney, it is not clear that Plaintiff has authority from the tribe to seek federal recognition.[15] Third, Plaintiff cannot represent the tribe before the Court because he is *pro se*, and a Native American tribe that is not federally recognized must be represented by counsel.[16] Finally, Plaintiff's request for federal recognition is not raised against the proper defendant. Claims for judicial review of denials of, or declarations for, federal recognition must be brought against the United States, typically through the Secretary of the Department of the Interior, Bureau of Indian Affairs, as "the Secretary now recognizes tribes and consequently determines whether Indian groups are eligible for federal benefits such as reorganization."[17] The currently named Defendants cannot take any action in response to Plaintiff's request for federal recognition of the tribe.[18] For all of these reasons, Plaintiff's Motion is procedurally deficient and should be denied.[19]

---

[15] R. Doc. 169, p. 3, n. 11. Plaintiff's Amended Complaint alleges that, as of December 2018, "Mr. Burkette's membership and participation in his Native American Tribe has now been questioned, affecting his character and reputation in the Community in which he seeks public office and the tribe has had internal strife and he has been further injured by the tribal members attempting to oust him and certain members making public statements regarding his maintaining membership in the tribe and seeking federal recognition as a tribe." R. Doc. 13, p. 23. *See also* Defendants' Opposition memoranda at R. Doc. 172, p. 3 and R. Doc. 173, p. 2.

[16] *Yamassee Indian Tribe v. Allendale Cnty. Gov't,* No. 13-1577, 2013 WL 5797682, at *2 (D.S.C. July 25, 2013), report and recommendation adopted in part, No. 13-1577, 2013 WL 5797846 (D.S.C. Oct. 28, 2013) ("[F]ederal courts have generally refused to allow non-attorneys to represent Indian tribes that are not federally recognized.") (citing *In re Neil's Mazel, Inc.,* No. 00–22010, 492 B.R. 620, 2013 WL 2019375, at *8 (Bankr. E.D.N.Y. May 14, 2013) (holding that "[w]ithout such recognition, there is no 'partially sovereign' status, and hence no sovereign prerogative to appear in federal court by a non-attorney"); *Unalachtigo Band of the Nanticoke–Lenni Lenape Nation v. State of N.J.,* C/A No. 05–5710, 2007 WL 4547501, at *3-4 (D.N.J. Dec.17, 2007) (holding that *pro se* representation of an Indian tribe that was not federally recognized constituted the unauthorized practice of law); *see also Cherokee of Lawrence Cnty., Tenn. v. United States,* No. 06-158, 2006 WL 5668261, at *2 (Fed. Cl. Sept.1, 2006) (striking complaint filed by non-attorney Chief of Indian tribe that was not acknowledged by the federal government).

[17] *Mackinac Tribe v. Jewell,* 87 F. Supp. 3d 127, 143 (D.D.C. 2015), *aff'd,* 829 F.3d 754 (D.C. Cir. 2016) and *see* the regulatory definitions of "Secretary," "Bureau," and "Department" at 25 C.F.R. 83.1.

[18] R. Doc. 172, pp. 4-5 and R. Doc. 173, pp. 3-4. As such, Plaintiff's request for a declaratory judgment does not present a live controversy against Defendants because there is no adverse legal interest among them relating to Plaintiff's recognition request. *See, e.g., Venator Grp. Specialty, Inc. v. Matthew/Muniot Fam., LLC.,* 322 F.3d 835, 838 (5th Cir. 2003) ("In the declaratory judgement context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.")

[19] In addition to the procedural deficiencies, Plaintiff's request for recognition (if he could properly make it), would be premature because it has not been established that the LA Choctaw exhausted the administrative process before seeking judicial review. Most courts have generally rejected tribal attempts to obtain judicial recognition of tribal status unless the tribe first exhausts administrative remedies under 25 C.F.R Part 83. *See, e.g., Agua Caliente Tribe*

4

### III. RECOMMENDATION

Because Plaintiff's Motions for Declaratory Judgment are procedurally improper in several ways,

**IT IS RECOMMENDED** that both Motions For Declaratory Judgments[20] filed by Plaintiff Billy Burkette, be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 10, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

*of Cupeno Indians of Pala Rsrv. v. Sweeney,* 932 F.3d 1207 (9th Cir. 2019) (Indian group was not entitled to an order requiring its inclusion on the list of federally recognized tribes because group had not exhausted its administrative remedies under 25 C.F.R. pt. 83); and *United Tribe of Shawnee Indians v. U.S.*, 253 F.3d 543 (10th Cir. 2001) (same); *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 58–61 (2nd Cir. 1994) (concluding that the BIA had primary jurisdiction over the issue of tribal status and directing district court to stay the Indian group's Nonintercourse Act action pending completion of administrative proceedings under 25 C.F.R. pt. 83).

[20] R. Docs. 167 & 168.